UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18cv61426

Annie Bianc, individually
and on behalf of all others similarly situated,

      Plaintiff,

v.                                           **COMPLAINT – CLASS ACTION**

Midland Credit Management, Inc.,

      Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

**JURY DEMAND**

On behalf of the putative class, Plaintiff Annie Bianc ("Plaintiff"), seeks redress for the unlawful conduct of Defendant, Midland Credit Management, Inc. ("Defendant"), *to wit*, for violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Simply put, Defendant has dispatched thousands unlawful collection letters to Florida consumers, whereby each such letter contains identical violations of multiple provisions of the FDCPA.

**INTRODUCTION**

1.     The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3. As set forth in more detail below, Defendant has dispatched thousands of unlawful collection letters to consumers in an attempt to collect a debt, and in each such letters, Defendant has falsely and deceptively misrepresented the content of such letters to Plaintiff and putative class members. Accordingly, Plaintiff, on behalf of the putative class, seeks statutory damages under the FDCPA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

5. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within the venue.

## DEMAND FOR JURY TRIAL

6. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

7. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

8. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

9. Defendant is a Kansas corporation, with its principal place of business located in San Diego, California.

10. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

11. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

13. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

14. The Consumer Debt is a "debt" governed by the FDCPA. *See* 15 U.S.C §1692a(5).

15. On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

16. On or about April 18, 2018, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as "Exhibit A."

17. On the front of the Collection Letter, Defendant embeds the following image:



*See* "Exhibit A."

18. Contrary to Defendant's suggestion, the Collection Letter does not contain any legal consumer rights that would justify Defendant's use of the image depicted above.

19. The use of the image depicted above by Defendant is, at a minimum, misleading to the least sophisticated consumer.

20. Defendant, by boldly embedding the image depicted above on the front of the Collection Letter, falsely and deceptively makes the least sophisticated consumer believe that there is content within the Collection Letter that provides disclosures as to his or her *legal consumer rights* when in fact there is nothing that justifies such an impression created by Defendant.

21. Simply put, there is no body of law disclosed by Defendant in the Collection Letter that justifies the use of a large image by that implies that consumers have been provided with their "Consumer Bill of Rights." Such conduct is false, deceptive, unfair and misleading and violates several provisions of the FDCPA.

22. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605 (2010).

## CLASS ACTION ALLEGATIONS

23. This action is brought on behalf of the following class:

   (i) all persons in the United States (ii) who were sent a letter (iii) between June 23, 2017 and June 23, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant included an embedded image in the letter stating "Consumer Bill of Rights" in violation of 15 U.S.C §§ 1692e, 1692e(2)(a), 1692e(9), 1692e(10) and/or 1692f.

24. Plaintiff alleges on information and belief that the class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning letters to members of the class when attempting to collect consumer debts.

A. *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

25. Common questions of law and fact exist to the class and predominate over any issues involving only individual class members.

26. With respect to the class:

   (a) The ***factual issues common*** to the class is whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

   (b) The ***principal legal issue*** of the class is whether Defendant violated 15 U.S.C §§ 1692e, 1692e(2)(a), 1692e(9), 1692e(10) and/or 1692f by including an embedded image in the collection letters stating "Consumer Bill of Rights."

28. Excluded from the class are Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B. *TYPICALITY*

29. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C. *ADEQUACY*

30. Plaintiff is an adequate representative for the class.

31. Plaintiff will fairly and adequately protect the interests of the class.

32. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them to not vigorously pursue this action.

D. *PREDOMINANCE AND SUPERIORITY*

33. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff requests certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C §§ 1692e, 1692e(2)(a), 1692e(9), 1692e(10) and/or 1692f**

35.     Plaintiff incorporates by reference paragraphs 13-22 of this Complaint as though fully stated herein.

36.     Pursuant to § 1692e(2)(a) of the FDCPA, Defendant is prohibited from, *inter alia*, falsely representing the character, amount or legal status of the consumer debt. *See* 15 U.S.C. § 1692e(2)(a).  Here, by implying that consumers were in receipt of their "Consumer Bill of Rights" in collection letters sent to members of the class, Defendant falsely represented the character and legal status of the debts it sought to collect.

37.     Section 1692e(9) of the FDCPA prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval." 15 U.S.C. § 1692e(9). Here, by embedding the image depicted above in letters sent to members of the class, Defendant created false impressions as to the content of the Collection Letter.

38.     Section 1692e(10) of the FDCPA prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Here, by embedding the image depicted above in letters sent to members of the class, Defendant made false, misleading and/or deceptive representations to members of the class regarding the content of the Collection Letter.

39.     Section 1692f of the FDCPA prohibits "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  Here, by embedding the image depicted above

in letters sent to members of the class, Defendant utilized unfair and/or unconscionable means in collecting and attempting to collect debts from members of the class.

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that the Court enter an order certifying the described Class and judgment in favor of Plaintiff and the Class and against Defendant for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3) Such other or further relief as the Court deems proper.

DATED: June 25, 2018

                        Respectfully Submitted,

                        /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*