UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.  0:18-cv-61426-WPD

ANNIE BIANC, individually
and on behalf of all others similarly situated,

       Plaintiff,

v.

MIDLAND CREDIT
MANAGEMENT, INC.,

       Defendant.
_____/

## DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S
## MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant Midland Credit Management, Inc. ("Defendant" or "MCM"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Court for an Order dismissing *with prejudice* the Complaint filed by Plaintiff Annie Bianc ("Plaintiff") for failure to state a claim.

### PRELIMINARY STATEMENT

In what amounts to an attempt to manufacture a hyper-technical violation lacking in any concrete harm whatsoever, Plaintiff's sole claim in this purported class action is that Defendant violated the FDCPA by including an embedded image on a April 18, 2018 letter (the "Letter") to Plaintiff stating "Consumer Bill of Rights," a reference to the standards set by Defendant as to how a consumer should be treated.[1]  Plaintiff bases all of his claims

---

[1] A copy of the Letter is attached to the Complaint as Exhibit A.  The Letter attached to the

on this benign and innocuous image.

Plaintiff asserts four (4) purported violations of the FDCPA against Plaintiff.  All of these claims fail as a matter of law.  *First*, Plaintiff asserts a misguided claim that Defendant violated Section 1692e(2)(a) of the FDCPA, which precludes falsely representing the character, amount or legal status of a consumer debt.  To support this claim, Plaintiff asserts in conclusory fashion that "by implying that consumers were in receipt of their 'Consumer Bill of Rights' in collection letters sent to members of the class, Defendant falsely represented the character and legal status of the debts it sought to collect." ECF No. 1 at 7.  This allegation is wholly conclusory in nature and fails to explain how the inclusion of the embedded image "Consumer Bill of Rights" falsely represents the character, amount or legal status of the debt.  The inclusion of the embedded image does not actually demonstrate there was *any* misrepresentation, let alone one related to the character, amount or legal status of the debt.

*Second*, Plaintiff wrongly contends that Defendant's use of the Letter violated Section 1692e(9) of the FDCPA, which prevents distributing a written communication which "simulates or is falsely represented to be a document authorized by any court, official or agency of the United States or any State, or which creates a false impression as to its source, authorization or approval."  15 U.S.C. § 1692e(9).  To support this claim, Plaintiff asserts only that "Defendant created false impressions as to the content of the

---

Complaint is not complete.  Defendant has attached a complete true and correct copy of the Letter as ***Exhibit 1*** to this Motion.  In addition to including an image stating "Consumer Bill of Rights," the Letter states "Visit www.midlandcreditonline.com to learn about our Consumer Bill of Rights or call (855) 977-1969 to experience the difference yourself."

Collection Letter." Compl., ECF No. 1 at 7. This allegation fails as it is clear from the face of the Letter that Defendant was not overtly attempting to impersonate a governmental agency or hide its identity.

*Third*, Plaintiff brings a claim under Section 1692e(10) of the FDCPA, asserting that Defendant's use of the image reflecting the Consumer Bill of Rights was a false, misleading or deceptive representation regarding the contents of the Letter. As with the claim under Section 1692e(2)(a), Plaintiff fails to explain how this conduct is false, misleading or deceptive.

*Fourth*, Plaintiff claims that Defendant violated Section 1692f, which generally prohibits unfair or unconscionable means to collect a debt. Plaintiff fails to state a claim under this Section because she has not alleged specific acts specifically enumerated in that section or alleged misconduct beyond that which she alleges violates other provisions of the FDCPA. To that end, she provides a single set of allegations in an effort to establish all of the purported violations of the FDCPA contained in her Complaint.

*Fifth*, the inclusion of the image stating "Consumer Bill of Rights" is not a material misrepresentation and therefore not a violation of the FDCPA. Plaintiff has not asserted, nor could she, that the mere inclusion of the image itself influenced her decision or ability to make a payment on the account.

*Finally*, allowing this claim — based solely on the use of an image indicating that Defendant has a Consumer Bill of Rights benefitting a consumer such as Plaintiff — to proceed would result in a bizarre or idiosyncratic interpretation of the Letter that the Eleventh Circuit has counseled against under the least sophisticated consumer standard.

For the reasons discussed more fully below, all counts alleged in Plaintiff's Complaint should be dismissed.

## **STANDARD OF REVIEW**

On a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (citation omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). On a motion to dismiss, a district court may also consider documents "central to or referenced in the complaint and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).[2]

While a court must accept a plaintiff's factual allegations as true, a court is not constrained to accept incorrect legal theories and can dismiss a complaint based on claims that fail as a matter of law. *Ashcroft v. Iqbal*, 556 U.S. 662, 667-78 (2009); *see also Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010) (holding that "conclusory allegations . . . are not entitled to an assumption of the truth — legal conclusions must be supported by factual allegations."). To that end, a court is not required to take allegations as true if they are "threadbare recitals of a cause of action's elements, supported by mere

---

[2] The Court may consider the Letter attached as Exhibit 1 because it is central to and referenced in the Complaint.

conclusory statements." *Iqbal*, 556 U.S. at 678.  In order to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face," and contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ARGUMENT

**I.  PLAINTIFF FAILS TO STATE A CLAIM UNDER §§ 1692e(2)(a), 1692e(9), 1692e(10) or 1692f of the FDCPA**

Plaintiff asserts four (4) separate violations of the FDCPA within Count I of the Complaint. When evaluating FDCPA claims alleging false, misleading, or deceptive representations, the question is whether the "least-sophisticated consumer would be deceived or misled by the communication at issue." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010)).  This is an objective standard that "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *LeBlanc*, 601 F.3d at 1194 (internal quotation marks and citations omitted).  "The least sophisticated consumer must read a debt collection notice in its entirety." *Knight v. Midland Credit Mgmt., Inc.*, Civil Action No. 17-3118, 2017 WL 5179033, *3 (E.D. Pa. Nov. 8, 2017) (citing *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3rd Cir. 2008)).

In *Leblanc*, the Eleventh Circuit held that in order to state a viable FDCPA claim, a plaintiff must allege that: (1) he or she is the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in conduct which qualifies as an act or omission under the FDCPA.

*Leblanc,* 601 F.3d at 1193.  Here, Plaintiff cannot demonstrate that Defendant has engaged in an act prohibited by the FDCPA as it relates to all four (4) purported violations.

> **A.     Plaintiff Cannot State a Claim that the Image of the "Consumer Bill of Rights" Alone Violates § 1692e(2)(a)**

A review of the Letter establishes that the least sophisticated consumer would not be misled solely by the inclusion of the image reflecting the Consumer Bill of Rights. Contrary to Plaintiff's suggestion in her Complaint, the image itself could not mislead or deceive a least sophisticated consumer as to his or her legal rights.  The Letter clearly states that Defendant has "set standards for how you are to be treated while working with us" and refers Plaintiff to www.midlandcreditonline.com to learn about our Consumer Bill of Rights . . ." ECF No. 1-3 at 1.[3]  The image alone does not falsely represent the character, amount or legal status of the debt, nor does Plaintiff explain how the image could have resulted in such a violation.  *See Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1307 (11th Cir. 2015) (affirming dismissal of Section 1692e claim on basis that plaintiff

---

[3] Defendant's website describes the "Consumer Bill of Rights" as follows:

> Midland Credit Management is committed to maintaining the highest standards of honesty and respect.  To demonstrate our commitment to conducting business ethically we have developed the industry's first Consumer Bill of Rights.

https://www.midlandcreditonline.com/who-is-mcm/our-pledge/.  The website goes on to describe in further detail the Consumer Bill of Rights which includes rights related to consumer treatment, hardship, complaints and disputes, collection practices, and privacy and security.

failed to "allege how he — or anyone else — was 'misled, deceived, or otherwise duped' by the submission of a sworn statement that disputed his contention he was 'head of family' under Florida law.").

Moreover, Plaintiff does not assert that the reference to the Consumer Bill of Rights deviated from or obscured her statutory rights under the FDCPA so as to mislead the least sophisticated consumer. *See, e.g., Greig v. Backer Aboud Poliakoff & Foelster, LLP*, Case No. 9:16-CV-81316-ROSENBERG/BRANNON, 2017 WL 57026, *5 (S.D. Fla. Jan. 5, 2017) (dismissing § 1692e claim based on letter that provided plaintiff with additional fifteen days beyond the thirty days required by the FDCPA to dispute the validity of the debt and finding that "nothing in the demand letter restricted [p]laintiff's statutory rights."). Nor does the Letter misrepresent other legal rights, erroneously state the amount of the debt, incorrectly identify the holder of the debt, or contain misleading threats. *See Miljkovic*, 791 F.3d at 1306 (finding that sworn reply was "not misleading or deceptive in the traditional sense" given it simply stated defendant's legal position).

Finally, Plaintiff's interpretation of the FDCPA — which seeks to penalize Defendant for providing ***more*** rights to Plaintiff and thus inures to her benefit — contravenes the purpose of the FDCPA. See 15 U.S.C. § 1692(e) (indicating purpose of FDCPA is to "eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."). To that end, Defendant did not violate the FDCPA by including the image of the "Consumer Bill of Rights" on the Letter. *See, e.g., Warren v. Smith Debnam Narron Drake Saintsberg & Meyers, LLP*, Case No. 7:10-CV-71-BO, 2011

WL 10858230, *3 (E.D.N.C. Apr. 19, 2011) (finding that "[p]laintiff's interpretation perverts both the intent and purpose behind the FDCPA. The FDCPA seeks to protect debtors from collectors undermining their rights. Defendants cannot be penalized for giving debtors more time to assert their rights than the statute provided.").

### B. Plaintiff's § 1692e(9) Claim is a Non-Starter

Courts interpreting § 1692e(9) generally limit purported violations to "situations where the debt collector overtly impersonates a governmental agency, or where the debt collector attempts to hide its identity by using a false alias." *Kuehn v. Cadle Co., Inc.*, Case No. 5:04-cv-432-OC-10GRJ, 2007 WL 1064306, *4 (M.D. Fla. Apr. 6, 2007). Accordingly, courts have rejected such claims where it is clear that the letter is from a debt collector, does not appear to be a government document, and indicates it was sent for the purposes of collecting a debt. *See id*; *see also Johnson v. NCB Collection Servs.*, 799 F. Supp. 1298, 1307 (D. Conn. 1992) (determining that even the least sophisticated consumer would have known letter listing return address in part from "Revenue Department" was not sent by a governmental agency, but by a debt collector).

While Plaintiff fails to allege how the Letter violates § 1692e(9) other than alleging in conclusory fashion that the Defendant "created false impressions as to the content" of the Letter, ECF No. 1 at 7, a review of the Letter here demonstrates it cannot violate this Section. The Letter states that Plaintiff's account was "sold to Midland Funding LLC. Midland Credit Management, Inc. ("MCM"), a debt collection company will be collecting on and servicing the account on behalf of Midland Funding LLC." *See* Exhibit 1. The Letter also states that the communication is from a debt collector and that the Letter is an

8

attempt to collect a debt. *Id*. The Letter clearly discloses the original creditor, the current creditor, the account number, and the charge off date. *Id*. The least sophisticated consumer could not be confused as to whom this communication is from or what account is at issue. The least sophisticated consumer would understand this communication was from MCM and not a governmental agency.[4]

### C.  Plaintiff's 1692e(10) Claim Lacks Merit

15 U.S.C. § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer." Plaintiff again makes the conclusory allegation that the embedded image in and of itself created "false, misleading and/or deceptive representations to members of the class regarding the content" of the Letter. As with Plaintiff's § 1692e(2)(a) claim, the mere fact that Plaintiff included the embedded image in the Letter does not constitute a false representation or deceptive means of collecting a debt. Plaintiff cannot point to any statutory requirement or case law that prohibits a defendant from embedding such an image or providing a "Consumer Bill of Rights" to debtors. Furthermore, Plaintiff has identified no substantive misrepresentation in the Letter. Accordingly, this claim should be dismissed with prejudice. *See Valle v. First Nat'l Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1341 (S.D. Fla. 2017) (granting judgment on the pleadings with respect to § 1692e(10) claim on basis that discounted offer provided by defendant alone was not "a false representation or deceptive means of collecting the debt.").

---

[4] Plaintiff does not appear to allege that Defendant hid its identity or used an alias. Given that the Letter explicitly states it is from MCM, to the extent Plaintiff asserted such an allegation, it would not state a claim upon which relief can be granted.

9

### D. Plaintiff Has Not Asserted a Cognizable § 1692f Claim

15 U.S.C. § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." A number of courts have held that, to establish a cognizable claim under this Section, "'a plaintiff must either allege improper acts specifically enumerated in that section or allege misconduct beyond that which plaintiff alleges violates other provisions of the FDCPA.'" *Brown v. Account Control Tech., Inc.*, Case No. 13-62765-CIV-DIMITROULEAS, 2014 WL 11706429, *5 (Mar. 28, 2014) (citing *Eslava v. AllianceOne Receivables Mgmt., Inc.*, No. 12-0425-WS-N, 2012 WL 4336012, at *3) (S.D. Ala. Sept. 20, 2012) (collecting cases)).

Here, Plaintiff has failed to allege that Defendant has committed alleged improper acts that are specifically enumerated in § 1692f. As in *Brown*, "[p]laintiff provides a single set of allegations to establish violations" of all the claims raised. *Id.* Accordingly, Plaintiff fails to state a claim.

### E. The Image Reflecting the "Consumer Bill of Rights" is Immaterial within the Meaning of the FDCPA

It is well-settled that any purported statements that "do not affect a consumer's ability to make intelligent decisions" are "immaterial" and therefore not actionable under the FDCPA. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010). In *Donohue*, the plaintiff alleged that a defendant violated the FDCPA by charging usurious interest. *Id*. at 1030. In response, the defendant contended that the "so-called interest amounts" were pre-assignment finance charges imposed by the original creditor. *Id*. In rejecting the plaintiff's claim that the statement regarding $32.89 in interest charges was material, the Ninth Circuit held:

> The reason for applying the materiality requirement is also implicated by the facts of this case. In assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response. Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt. Based on the information contained in the Complaint, Donohue could have challenged the accuracy or legality of the total debt and principal owed, futile as that may have been, or Donohue could have paid the accurately stated sum to settle her debt.

*Id*. at 1034.

Courts within the Eleventh Circuit have also dismissed complaints asserting FDCPA violations based on alleged misleading statements where the purported conduct lacks materiality. *See, e.g., Stewart v. Bureaus Inv. Grp., LLC*, 2015 WL 7572312, *18 (S.D. Ala. Nov. 24, 2015) (dismissing claim alleging defendant was not licensed to do business in Alabama based on materiality limitation); *see also Miljkovic v. Shafritz and Dinkin, P.A.*, Case No. 8-14-cv-635-T-33TBM, 2014 WL 3587550,* 8 (M.D. Fla. July 18, 2014), *aff'd on other grounds*, 791 F.3d 1291 (11th Cir. 2015) ("[T]o state a §1692e claim, the plaintiff must allege that the conduct was materially misleading").[5]

---

[5] Plaintiff's conclusory allegations that Defendant's actions are generally misleading do not save the Complaint from dismissal. *See, e.g., Anselmi v. Shendell & Assoc., P.A.*, Case No. 12-61599-CIV-WILLIAMS, 2015 WL 11121357, *7 (S.D. Fla. Jan. 1, 2015) ("Viewed from the perspective of the least sophisticated consumer, Plaintiff has not shown how the labeling of those fees was incorrect, much less that the labeling was material or misleading. Nor has she asserted her decision-making regarding the debt would have been affected had the $50.00 in fees been labeled differently. Regardless of whether Defendant listed the disputed $50.00 as fees or costs, they were amounts expressly authorized by the agreement creating the debt and the inclusion of those fees in the Collection Letter was not unfair, misleading, or deceptive.").

Here, as in *Miljkovic*, Plaintiff fails to allege how a consumer could be confused or that Defendant's purported actions "influenced" her "decision or ability to pay or challenge the debt." *See Miljkovic*, 2014 WL 3587550 at *8 (holding that "[t]o be materially misleading, a statement must 'influence a consumer's decision or ability to pay or challenge a debt'" and determining that "Miljkovic's claims lack materiality as Miljkovic failed to allege in the Complaint that the sworn reply causes him any confusion about the validity or amount of the debt or otherwise impeded his ability to pay or challenge it.") (citations omitted). While Plaintiff claims that the embedded image "makes the least sophisticated consumer believe that there is content within the Collection Letter that provides disclosures as to his or her *legal consumer rights* when in fact there is nothing that justifies such an impression created by Defendant," nothing in the Letter suggests that the Consumer Bill of Rights relates to Plaintiff's legal consumer rights.[6] Even if, accepting this conclusory allegation of the Complaint as true, the embedded image could have made the least sophisticated consumer believe it related to his or her legal consumer rights, such a claim would be immaterial. The claims raised by Plaintiff are akin to the mis-labeling claims raised in *Donohue* in the sense that they put form over substance. Plaintiff's claims are tantamount to the hyper-technical claims disfavored under the case law interpreting the FDCPA. Based on *Donohue* and *Miljkovic*, any alleged statements regarding the

---

[6] The Letter also makes clear where it is disclosing additional legal rights. For example, the heading of the second page of the Letter is entitled "Important Disclosure Rights." After providing various disclosures including those related to Plaintiff's validation rights, the Letter goes on to state that "[w]e are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under the applicable law . . . ." Letter at p. 2.

embedded image did not undermine in any way Plaintiff's ability to choose how she responded concerning the debt due and owing. As such, any such statements are immaterial and not actionable under the FDCPA.[7]

The claims raised by Plaintiff recall the district court's observation in *Jacobson v. Healthcare Fin. Servs., Inc.*, 434 F. Supp. 2d 133, 138 (E.D.N.Y. 2006):

> Ironically, it appears that it is often the extremely sophisticated consumer who takes advantage of the civil liability scheme defined by [the FDCPA], not the individual who has been threatened or misled . . . . It is interesting to contemplate the genesis of these suits. The hypothetical Mr. Least Sophisticated Consumer ("LSC") makes a $400 purchase. His debt remains unpaid and undisputed. He eventually receives a collection letter requesting payment of the debt which he rightfully owes. Mr. LSC, upon receiving a debt collection letter that contains some minute variations from the statute's requirements, immediately exclaims 'This clearly runs afoul of the FDCPA' and — rather than simply pay what he owes — repairs to his lawyer's office to vindicate a perceived 'wrong.' '[T]here comes a point where this Court should not be ignorant as judges of what we know as [people]. *Watts v. State of Ind.*, 338 U.S. 49, 52, 69 S. Ct. 1347, 93 L. Ed. 1801 (1949).

Based on the fact that Plaintiff has failed to meet this materiality requirement, the claims set forth in the Complaint should be dismissed.[8]

---

[7] While the Eleventh Circuit has not specifically adopted the materiality standard, at least one district court within the Eleventh Circuit "is convinced that it is the correct approach and that the Eleventh Circuit would adopt it." *See* Order Dismissing the Complaint with Prejudice, *Robin Bell v. Midland Funding LLC, et al.*, Case No. 6:17-cv-00672-CEM-KRS (M.D. Fla. Mar. 8, 2018). A true and correct copy of the Order Dismissing the Complaint with Prejudice is attached hereto as **Exhibit 2**.

[8] Plaintiff has also failed to allege concrete harm to sustain his claims under any of her claims in the Complaint. Pursuant to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549-50 (2016), a plaintiff must show harm that is "concrete and particularized" and "actual or imminent." The recent decision in *Higgens v. Trident Asset Mgmt., LLC*, Case No. 16-24035-Civ, 2017 WL 1230537 (S.D. Fla. Mar. 28, 2017), is instructive as it relates to the

## CONCLUSION

Based on the foregoing reasons, Defendant Midland Credit Management, Inc. respectfully requests that the Court dismiss the Complaint with prejudice and grant such other and further relief as is just and proper.

Dated: July 31, 2018

Respectfully submitted,

By: *s/ Cory W. Eichhorn*
Cory W. Eichhorn
cory.eichhorn@hklaw.com
Florida Bar No. 576761
Lauren Vanessa Lopez
Florida Bar No. 119274
vanessa.lopez@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799
*Attorneys for Defendant Midland Credit Management, Inc.*

---

requirements of *Spokeo* and its reasoning should be applied here. In *Higgens*, the alleged FDCPA violation was a purported failure under § 1692e(8) to communicate that a debt is disputed on his credit report. *Higgens*, 2017 WL 1230537, at *2. The plaintiff in *Higgens* also alleged that he "[had] been damaged," and that he "[was] entitled to damages." *Id*. Although the plaintiff suggested in briefing that his credit score could be affected by the violation, the court found that his complaint failed to plead that he suffered any harm as a result of the alleged statutory violation. *Id*. Here, Plaintiff's allegations related to the mere inclusion of an embedded image on the Letter are insufficient to establish Article III standing.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on counsel identified in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                          *s/ Cory W. Eichhorn*
                                                                                Attorney

**SERVICE LIST**

Jibrael Jarallah Said Hindi
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, 17th Floor
Ft. Lauderdale, FL 33301
Telephone: (954) 907-1136
Facsimile: (954)
jibrael@jibraellaw.com
*Attorney for Plaintiff*